[Civ. No. 26409. Second Dist., Div. One. Dec. 17, 1962.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v. GUY N. STAFFORD et al., Defendants and Appellants.

Guy N. Stafford, in pro. per., for Defendants and Appellants.

Harold W. Kennedy, County Counsel, and Ronald L. Schneider, Deputy County Counsel, for Plaintiff and Respondent.

WOOD, P. J.—Defendant Stafford appeals from an order denying his motion to vacate the interlocutory and final judgments in a condemnation action.

Defendant owns a lot which has a frontage of approximately 60 feet on El Segundo Boulevard in Los Angeles County. The condemnation action, which was for the purpose of widening that boulevard, including the taking of 20 feet of the lot in fee, and taking an additional 5 feet (adjoining the 20 feet) as a slope easement to prevent portions of the remaining land from sliding upon the boulevard. Those two

strips of land were designated in the action as Parcels 27-2 and 27-2S, respectively.

The interlocutory judgment (entered December 30, 1958) was in substance that the county, upon payment of money as therein provided, shall take and become the owner of said parcels; that the money shall be paid to Henry G. and Maude H. Harris, beneficiaries under trust deeds (covering the lot); that $655 be paid for Parcel 27-2, and $50 be paid for Parcel 27-2S, plus interest at seven per cent a year from December 12, 1957.

The final judgment (entered September 29, 1960) recited that proof had been made that the amounts required to be paid by the interlocutory judgment had been paid; and then the judgment ordered that the plaintiff county take and acquire said parcels for the purposes set forth in the complaint.

On October 30, 1961, defendant filed a notice of motion to vacate said judgments on the grounds that they were procured by misrepresentation, and are void; that defendant has not received the full amount awarded; that he was not awarded just compensation; and did not have a fair trial.

In defendant's affidavit in support of his motion, he states, among other things, that at all times mentioned therein and for years prior to said action an oil well existed on the south part of the lot; that during negotiations with a deputy county counsel relative to agreeing upon the amount to be awarded to defendant, he informed the deputy that according to defendant's understanding the oil well was on the land to be taken; at that time, it seemed that the deputy believed that the well was on that land; later, during the negotiations, the county surveyor determined that the well was not on the land, but the deputy did not inform defendant as to that survey; that a pretrial stipulation was: ''That defendant . . . claims damage to the certain oil well located on parcel 27-2 and 2-s''; it was also stipulated that the award should first be applied upon the Harris trust deed; that defendant believed that the well was on the land to be taken and that he would not be required to prove its location at the trial; during the trial in November 1958, the plaintiff was allowed to introduce in evidence, over defendant's objection, the survey showing that the well was not on the land to be taken; thereby defendant was taken by surprise and suffered prejudice; there was no finding or decree as to the location of the well; about October 1, 1960, Mr. Harris was notified by a deputy county counsel that $765.59 was available to him as full payment of the award and

interest; Mr. Harris accepted said amount about October 5, 1960; defendant recently determined that about $135.70 as interest was due on said October 5; that by reason of said amount of interest and the $705 award, the total amount due on said date was $840.70; that since that date, about $49.35 interest has accumulated, and now there is an unpaid balance of $134.46 upon the award.

The motion to vacate the judgments was denied on November 10, 1961. This appeal is from the order denying that motion.

 . Defendant Stafford appealed from the interlocutory judgment, and that judgment was affirmed on December 22, 1959. (*County of Los Angeles* v. *Bean*, 176 Cal.App.2d 521 [1 Cal.Rptr. 464].) On that appeal, claims of defendant regarding the location of the oil well, and regarding other errors allegedly occurring at the trial, were considered and determined. After that appeal had been completed and after the interlocutory judgment had become final (as an interlocutory judgment), a final judgment in condemnation was entered (September 29, 1960). No appeal was taken from that judgment, and it became final on November 28, 1960.

Mr. Harris accepted the principal amount of the award ($705) and the interest thereon as then computed and tendered. The final judgment in condemnation included a determination that the amount required to be paid by the interlocutory judgment had been paid. As above noted, that judgment long since has become final.

This motion to vacate the judgments is an attempt to relitigate matters which have been determined, or could have been included for determination, in the action. The proceeding is wholly without merit.

The order is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied January 4, 1963.