[Civ. No. 27314.   Second Dist., Div. Four.   Sept. 5, 1963.]

GUY N. STAFFORD, Plaintiff and Appellant, v. COUNTY OF LOS ANGELES, Defendant and Respondent.

Guy N. Stafford, in pro. per., for Plaintiff and Appellant.

Harold W. Kennedy, County Counsel, and Ronald L. Schneider, Deputy County Counsel, for Defendant and Respondent.

KINGSLEY, J.—Plaintiff brought an action in declaratory relief and for damages, contending that, by reason of the taking of a strip of his property for the purpose of widening a road, he had been damaged (1) by reason of the necessity of regrading his property to adjust to the lower altitude of the road and (2) by reason of the fact that the widened road interfered with the operation of an oil well on the remainder of his property. By stipulation, and pursuant to section 597 of the Code of Civil Procedure, the trial court tried first the issues raised by defendant's defenses of res judicata and of failure to file a claim within a proper time. The findings on these issues were adverse to plaintiff and judgment against him followed.

The taking of the strip of land for highway purposes was the subject of a condemnation action duly brought against plaintiff in 1958. That action resulted in an interlocutory judgment of condemnation fixing plaintiff's damages at $705. Plaintiff appealed from the interlocutory judgment and that judgment was affirmed. (*County of Los Angeles* v. *Bean* (1959) 176 Cal.App.2d 521 [1 Cal.Rptr. 464].) It appears from the record in that action, and from the opinion on appeal, that both of the elements of damage which underlie each of plaintiff's causes of action in the present suit were expressly litigated therein and determined adversely to him. He is, of course, barred by that judgment from again litigating those issues.

Plaintiff now contends that the sums allowed him by the interlocutory judgment of condemnation were not paid in full, since interest thereon was not properly calculated, that no valid proof of payment was made to support a final judgment entered in the condemnation suit on September 29, 1960, and that the interlocutory judgment, even if affirmed on appeal, does not become res judicata until payment has been made and a final judgment validly entered. However, plaintiff heretofore moved to vacate both the interlocutory and final judgments of condemnation. His motion was denied and the denial was affirmed on a second appeal (*County of Los Angeles* v. *Stafford* (1962) 210 Cal.App.2d 864 [26 Cal. Rptr. 888]). All of the contentions now made were available to plaintiff in that proceeding. That judgment is also conclusive against plaintiff's present attempt to relitigate the

772

matter. (*Sutphin* v. *Speik* (1940) 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497].)  This being so, it is immaterial whether or not plaintiff's present suit is also barred by operation of the claims statute.

The present action, and the present appeal, are totally without merit and frivolous in the most extreme degree.  Especially in light of appellant's professional background, there was no excuse for filing this action nor for appealing from the judgment of the trial court.

On the court's own motion, the appeal is dismissed as frivolous; respondent shall recover its costs on appeal together with damages in the amount of $500.  (California Rules of Court, rule 26(a).)*

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied October 3, 1963.

*Formerly Rules on Appeal, rule 26(a).