**BOULEVARD DEL, INC., Appellant,**

v.

**Marvin STILLMAN, Defendant & Third Party Plaintiff, Respondent,**

**Arthur Mack, et al., Third Party Defendants.**

**No. CX-83-1283.**

Court of Appeals of Minnesota.

Jan. 25, 1984.

Leo Dorfman, Minneapolis, for appellant.

Lawrence T. Hofmann, Minneapolis, for Marvin Stillman, defendant & third party plaintiff, respondent, and Arthur Mack, et al., third party defendants.

Heard, considered and decided by POPO-VICH, C.J., and FOLEY and LANSING, JJ.

## OPINION

FOLEY, Judge.

This is an appeal from an order vacating a summary judgment in favor of plaintiff, after payment and satisfaction of the judgment. We reverse.

### Facts

Plaintiff-appellant, Boulevard Del commenced an action against defendant-respondent, Stillman to recover $25,000 under a lease guarantee in January of 1983. Subsequently, Boulevard Del filed a motion for summary judgment. Between the commencement of the action and a hearing on the motion, defendant Stillman did not take depositions, nor obtain opposing affidavits, nor conduct any other discovery.

The only 'evidence' submitted to the court opposing the motion for summary judgment was an affidavit by Stillman's attorney which recited that on information and belief, plaintiff failed to perform certain obligations under the guarantee agreement.

The district court granted summary judgment in favor of plaintiff stating that defendant failed to submit appropriate affidavits opposing the motion as required by Minn.R.Civ.P. 56.06. Judgment was entered. There was no stay.

Within nine days after entry of summary judgment defendant fully paid the judg-

ment and satisfaction of it was filed and the judgment discharged.

Ten weeks later defendant brought a motion under Minn.R.Civ.P. 60.02(1) to vacate judgment on grounds of excusable attorney neglect. Defendant claimed that before this time he did not have first hand knowledge, as required by Rule 56.05, of specific facts constituting defenses to their guarantee agreement. For this reason, he argues, he did not submit affidavits at the summary judgment motion hearing.

Another district judge of the Fourth Judicial District set aside the summary judgment, ruling the misunderstanding of Rule 56.05 constituted excusable neglect under Rule 60.02(1). The court order did not address the attorney's failure to present affidavits, pursuant to Rule 56.05, of persons, other than defendant, who defendant knew had personal knowledge of the facts constituting a defense to the guarantee agreement, or the attorney's failure to present affidavits pursuant to Rule 56.06 setting forth the reasons why a continuance was necessary. This appeal followed.

## ISSUES

1. Does the district court lack subject matter jurisdiction to vacate a judgment which has been paid in full after entry of judgment?

2. Did the district court abuse its discretion in vacating summary judgment based on a claim of attorney neglect under Rule 60.02(1) where defendant's attorney failed to present appropriate affidavits pursuant to Rule 56.05 in opposing summary judgment, and failed to submit an appropriate affidavit pursuant to Rule 56.06 stating reasons why a continuance was needed?

## ANALYSIS

*Issue No. 1*

■ *Bartel v. New Haven Tp.*, 323 N.W.2d 806 (Minn.1982), held a voluntary payment of judgment during a stay of entry of the judgment extinguishes the right to appeal. Here, payment of judgment was made *after* the entry of judgment. How-

ever, Stillman did not ask for a stay of entry of the judgment; he did not appeal the summary judgment order, nor did he request a stay of execution of judgment. He voluntarily paid the judgment in full, satisfaction of judgment was filed, and the judgment discharged of record. All of this occurred some 10 weeks before the motion to vacate was filed.

Therefore, we hold that a judgment which is paid and satisfied of record ceases to have any existence leaving nothing to "vacate."

Having determined that the trial court had no subject matter jurisdiction, only brief reference to the second issue will be made.

*Issue No. 2*

Minn.R.Civ.P. 56.05 (1959) provides:

When a motion for summary judgment is made and supported as provided in Rule 56, an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

■ Summary judgment is appropriate where there are no material fact issues for trial and determination of the applicable law will resolve the controversy. *Gaspord v. Washington County Planning Commission*, 312 Minn. 591, 252 N.W.2d 590 (1977).

■ Here, there was no evidence properly submitted to the court pursuant to Minn.R.Civ.P. 56.05 opposing summary judgment. Nor was there an affidavit by the defendant stating reasons why a continuance was needed pursuant to Minn.R. Civ.P. 56.06.

The only evidence presented to the court at the time of the hearing of the motion for summary judgment was an affidavit by defendant's attorney, stating that on *information and belief*, plaintiff failed to perform certain obligations under the lease guarantee agreement. Rule 56.05 requires

such affidavits to be made on personal knowledge. Thus, defendant's attorney's affidavit was not proper evidence, under Rule 56.05, to oppose summary judgment.

The evidence shows that long before the summary judgment motion was heard, defendant knew who had personal knowledge of facts which might support triable issues of fact, yet no effort was made to obtain their deposition testimony or affidavits. Summary judgment was properly entered by District Judge Robert E. Bowen.

 To set aside a summary judgment, the moving party must meet four conditions. The party must (1) possess a reasonable defense on the merits, (2) have a reasonable excuse for the failure or neglect involved, (3) have acted with due diligence after notice of the entry of judgment, *and* (4) show that no substantial prejudice will result to the other party. *Finden v. Klaas*, 268 Minn. 268, 128 N.W.2d 748, 749 (1964) (emphasis added).

The evidence establishes that plaintiff-appellant will be substantially prejudiced if vacation of judgment is allowed to stand. Since receiving the money from defendant, plaintiff has paid income taxes, estate taxes, and attorney's fees for obtaining the judgment.

Apart from the question of subject matter jurisdiction, defendant has failed to meet all four *Finden* conditions.

The order to vacate summary judgment is reversed without prejudice to defendant's third-party action.

SEDGWICK, J., took no part in the consideration or decision of this case.