Thomas J. JORISSEN, Respondent,

v.

Barbara J. MILLER and Susan J. Cranston, Appellants.

No. C3–86–37.

Court of Appeals of Minnesota.

May 13, 1986.

Review Granted July 16, 1986.

Dudley R. Younkin, L.T. Merrigan, Green, Merrigan, Johnson & Quayle, P.A., Minneapolis, for respondent.

Joseph M. Goldberg, Miller & Neary, Minneapolis, for appellants.

Heard, considered, and decided by LANSING, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

WOZNIAK, Judge.

Barbara Miller and Susan Cranston appeal from an order vacating a conciliation court judgment and denying their motion for summary judgment based on res judicata. We affirm.

## FACTS

Thomas Jorissen sustained property damage and personal injury in an automobile collision in September 1982. The other vehicle was driven by Barbara Miller and owned by Susan Cranston. Cranston brought an action in conciliation court against Jorissen for property damage. Jorissen counterclaimed for property damage and medical expenses. He was not represented by counsel and did not understand the rules against splitting a cause of action. He states that he knew nothing about the tort threshold requirements, but if he had known, he would have concluded that he did not then meet the requirements. He also states that the conciliation court judge struck his claim for personal injury and advised him to consult an attorney for his medical expenses. Conciliation court judgment was entered in March 1983, and

Cranston was found 80% negligent and Jorissen 20% negligent. The judgment of $483 was paid in June 1983.

Jorissen retained counsel in January 1984. In June 1984, an orthopedist advised Jorissen that his shoulder injury was permanent. This factor apparently allowed Jorissen to meet the tort threshold requirement, and suit was promptly commenced. After opposing counsel raised res judicata as a defense, Jorissen brought a motion to vacate the conciliation court judgment. The trial court granted the motion to vacate and denied appellant's motion for summary judgment.

### ISSUES

1. Does the conciliation court judgment extinguish Jorissen's entire claim for damages?

2. Does the fact that the conciliation court judgment was satisfied prevent the judgment from being vacated?

### ANALYSIS

■ 1. Appellants contend that the present case is barred by res judicata, relying exclusively on *Mattsen v. Packman*, 358 N.W.2d 48 (Minn.1984). However, *Mattsen* is not controlling because in that case the supreme court was concerned with splitting a cause of action and no attempt was made to vacate the conciliation court judgment. *Id.* at 50–51. Here, Jorissen has attempted to vacate the prior judgment as *Mattsen* suggests. Further, in *Hammer v. Soderberg*, 358 N.W.2d 53 (Minn. 1984), the court affirmed the vacation of a conciliation court judgment where there was also a claim of res judicata.

■ 2. Appellants also contend that the conciliation court judgment could not be vacated because it was already satisfied, relying exclusively on *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50 (Minn.Ct.App. 1984). In *Boulevard Del*, this court stated:

Therefore, we hold that a judgment which is paid and satisfied of record ceases to have any existence leaving nothing to "vacate."

*Id.* at 52.

*Boulevard Del* must be limited to the very egregious facts in that case. In *Boulevard Del*, plaintiff commenced an action in district court to recover $25,000 under a lease guarantee and subsequently filed a motion for summary judgment. Defendant, a businessman represented by counsel, conducted no discovery in response to the motion and failed to submit appropriate affidavits in opposition to summary judgment. The court granted summary judgment in plaintiff's favor for failure to meet the requirements for opposing a motion under Minn.R.Civ.P. 56.06. Nine days after the entry of judgment, defendant paid the judgment, a satisfaction was filed, and the judgment discharged of record. Ten weeks later, defendant moved to vacate the judgment on the grounds of excusable attorney neglect. Because of its very unique facts, *Boulevard Del* does not control the outcome of this case.

### DECISION

The trial court's decision to vacate the conciliation court judgment is affirmed.