**Thomas J. JORISSEN, Respondent,**

**v.**

**Barbara J. MILLER and Susan J. Cranston, Petitioners, Appellants.**

**No. C3–86–37.**

Supreme Court of Minnesota.

Jan. 9, 1987.

Joseph M. Goldberg, Minneapolis, for appellants.

Dudley R. Younkin, Minneapolis, for respondent.

## OPINION

YETKA, Justice.

This is an appeal from the decision of the court of appeals affirming a trial court order which both denied appellants' motion for summary judgment in a personal injury case and granted respondent's motion to vacate an earlier conciliation court judgment against appellants. We affirm.

On September 23, 1982, a vehicle operated by respondent, Thomas Jorissen, collided with a vehicle driven by appellant, Barbara Miller, and owned by appellant, Susan Cranston. Both cars in the collision were damaged. In addition, respondent was injured.

Appellant Cranston brought an action in Hennepin County Conciliation Court against respondent for damage to her automobile. Respondent counterclaimed for property damages and medical expenses. Respondent was not represented by counsel and did not understand the tort threshold requirements for a personal injury action. At that time, respondent's injuries did not meet the threshold requirements. The conciliation court held that Cranston was 80% at fault and Jorissen 20%, awarded $486 to respondent for his property damage claim and struck his claim for medical expenses. Cranston paid respondent on June 15, 1983.

In January 1984, respondent retained counsel to represent him on his personal injury claim. Suit was commenced in July 1984 after respondent's physician advised him that his injuries were permanent. To avoid any *res judicata* effect from the conciliation court judgment, respondent moved to vacate that judgment. Appellants subsequently moved for summary judgment on the personal injury claim, cit-ing the previous conciliation court decision. These two motions were heard by the Hennepin County District Court on December 3, 1985. The trial court granted the motion vacating the conciliation court judgment and denied the motion for summary judgment. The court of appeals affirmed the trial court's action. 386 N.W.2d 777.

The issues raised on appeal are:

I. Did the conciliation court judgment bar respondent from bringing a personal injury claim?

II. Did the trial court have the jurisdiction to vacate the conciliation court judgment?

Appellants claim that respondent's separate suit for personal injury was extinguished by the earlier conciliation court judgment in respondent's favor. Appellants rely on the case of *Mattsen v. Packman*, 358 N.W.2d 48 (Minn.1984). In *Mattsen*, this court held that a plaintiff could not secure a judgment for property damages in conciliation court and then sue for personal injuries and property damages in district court.

> [T]he collision was single and, despite the different kinds of damage which the plaintiff sustained, so also was his claim. Hence, the conciliation court judgment in favor of the plaintiff extinguished his entire claim for damages arising out of the collision and precludes a subsequent action for damages by reason of the personal injury.

*Id.* at 49–50.

■ *Mattsen* went on to indicate that, in certain circumstances, the *res judicata* effects of earlier conciliation court judgments could be avoided. "This is not to say that a party who is excusably ignorant of the effect of a judgment should have no remedy. Relief may be had for cause; the judgment may be reopened through proceedings to vacate pursuant to Rule 60.02, Minn.R.Civ.P. * * *." *Id.* at 50. However, the court held that those circumstances were not present. In *Mattsen*, the plaintiff was represented by an attorney. He did not contend that he was unaware of the

threshold requirements of the no-fault act when he instituted his conciliation court action nor did he assert that his personal injury claim was immature at that time. The *Mattsen* court noted in this regard that: "[T]he failure of a personal injury claim to exceed the no-fault threshold, Minn.Stat. § 65B.51 (1982), until sometime subsequent to entry of a conciliation court judgment might justify relief from operation of the judgment pursuant to Rule 60.-02(6), Minn.R.Civ.P. * * *." *Id.* at 51.

The present case fits the exception created in *Mattsen.* The respondent was not advised by an attorney when he brought his counterclaims in conciliation court. The trial court found that he was not aware of the rules against splitting causes of action or the tort threshold requirements for bringing a personal injury action. Even if respondent had known, the extent of his injuries apparently did not meet the threshold when he was forced to respond to appellants' claims in conciliation court. It was only when respondent consulted with an orthopaedic surgeon months after the judgment that he learned his injuries were permanent, causing him to meet or exceed the threshold for bringing a personal injury claim.

A trial court's decision to vacate a judgment is reviewed to determine if there has been an abuse of discretion. *Hammer v. Soderberg,* 358 N.W.2d 53 (Minn.1984). In light of *Mattsen,* the trial court's decision to vacate judgment in this case was well within its discretion.

■ Appellants argue that, regardless of *Mattsen,* the conciliation court judgment could not be vacated because it had already been satisfied. Appellants rely on the appellate court case of *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50 (Minn.Ct.App. 1984), wherein the lower court stated: "Therefore, we hold that a judgment which is paid and satisfied of record ceases to have any existence leaving nothing to 'vacate.'" *Id.* at 52.

The precise issue of whether a satisfied judgment may be vacated has apparently not been specifically addressed by this court. However, we do not believe that any legal precedent is relevant to conciliation court cases, for conciliation courts are unique. These courts were designed by the legislature to encourage members of the public to settle minor disputes quickly and inexpensively in an informal setting without the usual procedural safeguards and without the requirement of an attorney being present. It is doubtful that one person out of a hundred using a conciliation court would understand that, in doing so, future claims not then apparent to them could later be barred by a decision in that court. Thus, to encourage the continued use of conciliation courts by the public, persons who lacked an understanding of the consequences of a conciliation court decision should not be barred from subsequently bringing claims in courts of record. To hold otherwise would be to render conciliation courts dangerous traps for the unwary.

Although we stated in *Mattsen* that we do not favor splitting causes of action, we were aware of the hardship that a strict rule of *res judicata* or estoppel would have in many cases and, thus, foresaw the precise situation that has occurred in this case. We believed in *Mattsen,* as we do here, that the appropriate relief available is then to move for vacation of the judgment. The district court then examines the previous conciliation court action and determines whether relief is appropriate: in *Mattsen,* it was not; in this case, it is. Thus, the trial court was correct in granting the relief that it did.

■ The effect of vacating the conciliation court judgment is to render it void *ab initio.* Thus, other than *res judicata* or estoppel, the person against whom the judgment was previously entered can apply all available defenses in the new cause of action. We feel compelled to point out, however, that the relief referred to in the *Mattsen* case and granted in this case is *sui generis* and applies only to conciliation court cases.

The trial court and the court of appeals are affirmed.

KELLEY, Justice (dissenting):

I respectfully dissent. Respondent secured a judgment in conciliation court. The judgment was paid and it was satisfied by respondent. Following satisfaction, as far as its legal effect, it was a nullity: it didn't exist. Having accepted the benefits of the judgment and satisfied it, there existed no judgment for the trial court to vacate. *See e.g., Williams v. Jefferson County,* 72 So.2d 920, 925 (Ala.1954); *County of Los Angeles v. Stafford,* 210 Cal.App.2d 864, 866, 26 Cal.Rptr. 888, 889 (1962); *Stehli v. Thompson,* 151 Fla. 566, 10 So.2d 123, 127 (1942).

I would reverse.