**DORSO TRAILER SALES, INC., Respondent,**

v.

**AMERICAN BODY AND TRAILER, INC., et al., Petitioners, Appellants.**

No. C6–90–1381.

Supreme Court of Minnesota.

March 13, 1992.

As Amended March 26, 1992.

Edward M. Laine, Nancy L. Cameron, Oppenheimer, Wolff & Donnelly, St. Paul, for appellants.

Christopher L. Dietzen, Andrew J. Mitchell, Sharon L. Brenna, Larkin, Hoffman, Daly & Lindgren, Bloomington, for respondent.

TOMLJANOVICH, Justice.

This case arises out the termination of a distributorship contract between appellants Polar Manufacturing Company and Polar Tank Trailer, Inc. and respondent Dorso Trailer. We hold that the district court lacked jurisdiction to vacate a satisfied judgment. We agree with the court of appeals that res judicata bars Dorso's second cause of action.

Although the facts underlying the initial action are set out in *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.,* 372 N.W.2d 412 (Minn.App.1985) *pet. for rev. denied* (Minn., October 18, 1985) [*Dorso I* ], a brief review is appropriate. Since 1953, Dorso was a distributor of the American line of trailers manufactured by American Body & Trailer, Inc. Over the years, Dorso entered into various contracts with American and its successors in interest. The dispute in *Dorso I* centered around the interpretation of a distributor's contract between Dorso and American, dated April 29,

1977, which provided for cancellation by either party after 90 days' written notice.

Polar succeeded to the interests of American and in May 1981, following a disagreement with Dorso, terminated the agreement after providing the requisite 90 days' notice. Dorso commenced an action asserting, essentially, that Polar breached the 1977 contract by terminating their relationship without cause. Polar counterclaimed for unpaid accounts.

The district court ruled, prior to trial, that as a matter of law the contract was terminable for cause only. On April 10, 1984, the jury returned a verdict finding Polar terminated the contract without cause and assessed damages. On November 15, 1984, judgment was entered in favor of Dorso in the amount of $248,889.45.

The court of appeals reversed the district court, finding that the 1977 contract was terminable at will. *Dorso I,* 372 N.W.2d at 415. Accordingly, the district court vacated the judgment in favor of Dorso and directed judgment be entered in favor of Polar on its counterclaim. On November 26, 1986, judgment was entered in favor of Polar in the amount of $110,946.24. Dorso satisfied the judgment and a Satisfaction of Judgment was filed on December 3, 1985.

Unknown to the three branches of the court or Dorso's counsel, there was a statute which, notwithstanding the constitutional challenge raised by Polar, actually governed the outcome in *Dorso I.* The statute, Minn.Stat. ch. 80E, which was enacted in 1981 and became effective on May 1, 1981, requires good cause to terminate a franchise relationship with a licensed new motor vehicle dealer.[1] The statute, Minn. Stat. ch. 80E, provides in part:

> Notwithstanding the terms of any franchise agreement or waiver to the contrary, no manufacturer shall cancel or terminate any franchise relationship with a licensed new motor vehicle dealer unless the manufacturer has:
>
> \* \* \* \* \* \*
>
> (c) Good cause for the cancellation or termination.

Minn.Stat. § 80E.06, subd. 1(c) (1990). Under chapter 80E, Polar needed just cause to terminate its distributor relationship with Dorso.

It is not disputed that Polar's former counsel knew of the existence of this statute from the very beginning of this case but did not disclose it. In Dorso's original complaint, it asserted a claim under Minn. Stat. ch. 80C.01 *et seq.* In researching the applicability of this statute, Polar's former counsel discovered Minn.Stat. ch. 80E. Polar's former counsel, however, did not bring this statute to the attention of opposing counsel or the court. Instead, Polar's former counsel disregarded the statute for the balance of the litigation. Polar's former counsel justified this decision on the grounds that plaintiff had not pleaded or advanced chapter 80E as a theory of recovery and his belief that the statute was unconstitutional. In spite of being unaware of the existence of this statute, the district court ruled that Polar needed just cause to terminate the contract, basing its decision on the trend of the law.

Dorso's counsel did not discover the existence of Minn.Stat. ch. 80E until six months after Dorso had satisfied the judgment held by Polar. Based on this discovery, Dorso's counsel brought a motion to vacate the judgment pursuant to Minn. R.Civ.P. 60.02(a) and (f). At oral argument before the district court, Polar's former counsel admitted for the first time that he had known of the existence of Minn.Stat. ch. 80E but had determined he was under no duty to disclose it to the court or opposing counsel. Thereafter, Dorso expanded its motion to include Rule 60.02(c) which allows for relief from a judgment for "[f]raud \* \* \*, misrepresentation or other misconduct of an adverse party." As a precautionary measure, Dorso filed a second action, claiming relief under chapter 80E.

On November 25, 1986, the district court issued an order vacating the November 26, 1985, judgment in favor of Polar, calling the failure to disclose a "grievous mistake," and consolidated Dorso's two ac-

---

**1.** The definition of "motor vehicle" includes trailers. *See* Minn.Stat. § 168.011, subd. 4.

tions. The district court based its decision on sections (a) and (f) of Rule 60.02. In declining to make a finding of fraud under section (c), the court wrote it "would rather find that counsel made a serious mistake in judgment rather than finding any intent to commit a fraud on the court." Polar's petition for discretionary review of this order was denied.

■ On March 30, 1990, the district court issued an order dismissing Dorso's consolidated actions on the grounds that *Dorso I* precluded the relitigation of this dispute. The court reasoned that "the violation of the Rule of Professional Conduct by [Polar's former] attorney cannot revive the action." Judgment of dismissal was entered on April 30, 1990. A divided court of appeals held that the district court did not abuse its discretion in vacating the first action based on former counsel's affirmative misrepresentations of law. The court also held that the district court erred in subsequently dismissing the first action. The dissent argued that the court lacked subject matter jurisdiction to vacate a satisfied judgment and that *Dorso I* should be accorded complete finality. 464 N.W.2d 551.

Whether a court has subject matter jurisdiction to vacate a satisfied judgment is an issue which this court has addressed infrequently. The court of appeals properly stated the general rule applicable to civil actions in *Boulevard Del, Inc. v. Stillman,* 343 N.W.2d 50 (Minn.App.1984). In *Boulevard Del,* after entry of summary judgment, the defendant paid the judgment and a satisfaction of judgment was filed, discharging the judgment. Ten weeks later, defendant sought to vacate the judgment on grounds of excusable attorney neglect. The district court granted the motion. The court of appeals reversed, holding that "a judgment which is paid and satisfied of record ceases to have any existence, leaving nothing to 'vacate'." *Id.* at 52. Other jurisdictions are in accord with this rule. *See Johnson v. BMW of North America, Inc.,* 583 So.2d 1333 (Ala.1991); *Reames v. Logue,* 712 S.W.2d 802 (Tex.Ct.App.1986);

*Handley v. Unarco Industries, Inc.,* 124 Ill.App.3d 56, 79 Ill.Dec. 457, 463 N.E.2d 1011 (1984); *H.D.I. Diamonds, Inc. v. Frederick Modell, Inc.,* 86 A.D.2d 561, 446 N.Y.S.2d 283 (1982).

In *Jorissen v. Miller,* 399 N.W.2d 82, 84 (Minn.1987), we recognized a narrow exception to the rule set out in *Boulevard Del.* We held that a satisfied conciliation court judgment may be vacated in limited situations because of the unique quality of conciliation court proceedings and the need to foster continued use of conciliation courts by the public. Although we allowed Jorissen's case to proceed, we expressly restricted the application of that case to conciliation court judgments. *See Jorissen,* 399 N.W.2d at 84.

Here, Dorso is not trying to vacate a satisfied conciliation court judgment. Dorso seeks to vacate the judgment entered on November 26, 1985. The judgment incorporated the order dated November 1, 1985, which vacated the judgment in favor of Dorso and entered judgment in favor of Polar in the amount of $110,503.86. Polar's judgment represented open accounts owed to Polar. Dorso paid the judgment and a satisfaction of judgment was filed on December 3, 1985. Dorso apparently argues that it only seeks to vacate the first paragraph of the district court's order (which vacated Dorso's original judgment) but that the judgment entered pursuant to that order carried forward only the third paragraph (which gave judgment to Polar). Although Dorso may be correct regarding the actual wording of the judgment, it is well settled that all elements of the previous order were merged into the judgment. In order to vacate any part of the order, therefore, the entire judgment would have to be vacated. Under *Boulevard Del,* the district court lacked the authority to accomplish this end.[2]

■ We turn next to Dorso's second cause of action and the application of the doctrine of res judicata. Res judicata is essentially a finality doctrine which dic-

---

**2.** Dorso claims that the conduct of Polar's former counsel warrants a vacation of the judgment. We note that the Lawyers Professional Responsibility Board, and not this court, is the proper forum for dealing with allegations of attorney misconduct.

tates that there be an end to litigation. *Federated Mut. Ins. Co. v. Litchfield Prec. Comp., Inc.,* 456 N.W.2d 434, 438 (Minn. 1990). It is simply stated as follows:

> A judgment on the merits constitutes an absolute bar to a second suit for the same cause of action, and is conclusive between parties and privies, not only as to every other matter which was actually litigated, but also as to every matter which might have been litigated therein.

*Mattsen v. Packman,* 358 N.W.2d 48, 49 (Minn.1984) (citations omitted).

In applying this rule, Dorso was required to assert all alternative theories of recovery in the initial action. *See Sundberg v. Abbott,* 423 N.W.2d 686, 690 (Minn.App. 1988) *pet. for rev. denied* (Minn., June 29, 1988). Dorso's counsel, unfortunately, did not discover Minn.Stat. ch. 80E until after the initial action had long since concluded. Dorso had a full and fair opportunity to raise a chapter 80E claim in *Dorso I* but failed to do so. As the judgment in *Dorso I* constituted a final judgment on the merits, res judicata bars Dorso from bringing a second action asserting a new theory of recovery on this claim.

Affirmed in part, reversed in part.