**AMERICAN SHARECOM, INC., Appellant,**

v.

**LDB INTERNATIONAL CORPORATION, et al., Respondents.**

No. CX–96–411.

Court of Appeals of Minnesota.

Aug. 13, 1996.

Robert J. Hennessey, Wallace G. Hilke, Charles J. Lloyd, Lindquist & Vennum, P.L.L.P., Minneapolis, for Appellant.

Thomas S. Fraser, James E. Dorsey, III, Crystal Olsen Glynn, Fredrickson & Byron, Minneapolis, for Respondents.

Considered and decided by WILLIS, P.J., and DAVIES and HOLTAN, JJ.

## OPINION

HARVEY A. HOLTAN, Judge*.

After a judgment was paid and a notice of satisfaction filed, one party made a motion to set aside the judgment under Minn. R. Civ. P. 60.02, claiming the judgment was procured by fraud. The opposing party claims the district court has no jurisdiction to set aside a satisfied judgment. Without addressing the jurisdictional issue, the district court essentially denied that motion by setting a hearing on the merits. We reverse.

## FACTS

This action arose from a squeeze-out merger involving appellant American Sharecom, Inc. (ASI), a reseller of long distance telephone service. Respondents, as minority shareholders, dissented from the merger and initiated a valuation proceeding. ASI was valued at more than $25.6 million, and respondents were awarded approximately $5 million for their share of the corporation. After affirmance by this court,[1] ASI paid the

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

1. *American Sharecom, Inc. v. LDB Int'l Corp.,* No. C9–94–2419, 1995 WL 321540 (Minn.App. May 30, 1995) (upholding district court's valuation of corporation), *review denied* (Minn. July 27, 1995).

judgment in full, and a notice of satisfaction was filed.

Several months later, respondents made a motion under rules 59 and 60 to set aside the judgment based on fraud and newly discovered evidence. They allege that during discovery, trial, and posttrial motions, ASI concealed evidence relevant to the value of the corporation. ASI moved to strike respondents' motion, arguing that the district court did not have subject matter jurisdiction to reopen a satisfied judgment. The district court denied ASI's motion and set the matter for a hearing on the merits.

## ISSUE

Does the district court have subject matter jurisdiction to reopen a satisfied judgment when a party alleges that the judgment was fraudulently obtained?

## ANALYSIS

■ Orders granting or denying motions based on subject matter jurisdiction are appealable as of right. *Judd v. State by Humphrey*, 488 N.W.2d 507, 508 (Minn.App. 1992). Whether a court has jurisdiction is a question of law reviewed de novo. *Graham v. Crow Wing County Bd. of Comm'rs*, 515 N.W.2d 81, 84 (Minn.App.1994), *review denied* (Minn. June 2, 1994).

Respondents made a motion to vacate the judgment, claiming ASI intentionally misled the court about the value of the corporation. A district court may set aside a final judgment if the judgment was obtained by fraud. Minn. R. Civ. P. 60.02(c). The rule does not state whether it applies to satisfied judgments.[2]

■ Minnesota courts have held that a satisfied judgment cannot be vacated. *Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.*, 482 N.W.2d 771, 773 (Minn.

1992); *Boulevard Del, Inc. v. Stillman*, 343 N.W.2d 50, 52 (Minn.App.1984). Once a judgment is satisfied, it ceases to exist and there is nothing to vacate. *Dorso*, 482 N.W.2d at 773. The purpose of the rule is to give finality to satisfied judgments. *See id.* (satisfied judgment could not be vacated under rule 60.02(a) and (f) even though attorney failed to reveal controlling statute to the court); *Boulevard Del*, 343 N.W.2d 50 (satisfied judgment cannot be set aside under rule 60.02(a) even when attorney neglect subsequently discovered). Based on the *Dorso* rule, the district court has no subject matter jurisdiction to set aside a satisfied judgment even if it was fraudulently procured.

There is a narrow exception allowing conciliation court judgments to be vacated under certain circumstances. *Jorissen v. Miller*, 399 N.W.2d 82 (Minn.1987). To affirm, as respondents urge, we would have to carve out an additional exception to the *Dorso* rule that a satisfied judgment may be vacated for fraud. We decline to do so. Although we recognize the seriousness of fraud, the need for such an exception is negated because respondents have another available remedy—they may bring a separate common law fraud action. For a common law fraud action, a party must prove (1) a false representation of a material fact that is susceptible of knowledge, (2) made with knowledge that it is false or made as if it is based on the person's own knowledge without knowing if it is true or false, (3) made with the intention of inducing another to act in reliance, and (4) causing the other party to act in reliance to its pecuniary damage. *Burns v. Valene*, 298 Minn. 257, 261, 214 N.W.2d 686, 689 (1974).

We note that Minn.Stat. § 548.14 (1994) allows a party to bring an independent action to set aside any judgment procured by fraud.

---

2. The term "satisfied" does appear in the rule: a court may relieve "a party" from final judgment if "[t]he judgment has been satisfied, released, or discharged." Minn. R. Civ. P. 60.02(e). The same language appears in Fed.R.Civ.P. 60(b)(5), but has been "relied on very rarely." 11 Charles A. Wright, et al., *Federal Practice & Procedure* § 2863 (2d ed.1995). The language means that a court may relieve one party from its obligation to satisfy a judgment if another person has already paid the full amount. *See, e.g., Candiano v. Moore–McCormack Lines, Inc.*, 407 F.2d 385 (2d Cir.1969). It does not authorize a district court to vacate or reopen a satisfied judgment.

Although we need not decide the issue, it appears that like rule 60, this statute only applies to judgments before they are satisfied. This statute codifies the common law right to sue for fraud. *Johnson v. Johnson,* 243 Minn. 403, 406, 68 N.W.2d 398, 400 (1955). It does not, however, appear to preempt the common law action, especially in this situation where the statutory cause of action is inapplicable.[3]

## DECISION

The district court erred by finding that the jurisdictional question and merits of the fraud allegation were intertwined. First the court must address whether there is jurisdiction and only if there is can it then determine whether there was fraud. Even if there was fraud, we hold that the district court has no subject matter jurisdiction to vacate the satisfied judgment.

**Reversed.**

---

3. We also note that the cases allowing a fraudulent satisfaction to be set aside do not apply to this situation. *See Finnish People's Home Co. v. Longyear–Mesaba Land & Iron Co.,* 117 Minn. 313, 135 N.W. 990 (1912) (court may set aside fraudulent satisfaction filed by unauthorized person and reinstate judgment); *First Nat'l Bank v. Rogers,* 22 Minn. 224 (1875) (mistaken satisfaction may be vacated); *see also* 49 C.J.S. *Judgments* § 583 (1947) (satisfied judgments final unless the satisfaction was procured by fraud). Using fraud in satisfying a judgment differs from using fraud to obtain the judgment itself.