Michelle A. KERN, et al., Appellants,

v.

Cody S. JANSON, et al., Respondents,

v.

Jennifer Torborg, et al., Respondents.

No. A10–0355.

Supreme Court of Minnesota.

July 20, 2011.

Nathan W. Nelson, Timothy W. Nelson, Nelson Personal Injury, LLC, St. Cloud, MN, for appellants.

Matthew Moehrle, Rajkowski Hansmeier, Ltd., St. Cloud, MN, for respondents Cody S. Janson and Jessica Gerwing.

Dyan J. Ebert, Joel M. Frye, Quinlivan & Hughes, P.A., St. Cloud, MN, for respondents Jennifer Torborg and James Torborg.

## OPINION

GILDEA, Chief Justice.

The question presented in this case is whether the court of appeals erred in reversing the district court's vacation of a conciliation court judgment under Minnesota Rule of Civil Procedure 60.02(f) because the appellant consulted with an attorney before initiating the conciliation court action. We conclude that consultation with an attorney before initiating a conciliation court action does not automatically preclude vacation of the conciliation court judgment, and we therefore reverse the court of appeals and remand the matter to the district court for further proceedings.

This case arises from two separate automobile accidents. On November 14, 2003, appellant Michelle Kern was involved in an accident in Little Falls, Minnesota, with respondent Cody Janson. At the time of the accident, Janson was driving a vehicle owned by respondent Jessica Gerwing. On September 15, 2004, Kern was involved in an accident in St. Cloud, Minnesota, with respondent Jennifer Torborg. Torborg was driving a vehicle owned by respondent James Torborg when this accident happened.

Kern sought to recover her property damages from the Torborgs. But James Torborg's insurer denied part of Kern's property damage claim and Kern subsequently filed an action in Stearns County Conciliation Court against James Torborg. Kern sought to recover damages for the loss of her vehicle, towing fees, and storage fees. Kern represented herself at the contested conciliation court hearing. On December 15, 2004, the conciliation court entered a judgment of $3,423.43, against James Torborg, which was satisfied in full.

Kern also suffered personal injuries in her car accident with Jennifer Torborg. But at the time Kern filed her conciliation court action against James Torborg, she did not meet the statutory prerequisites under Minn.Stat. § 65B.51, subd. 3 (2010), for a personal injury claim. Under section 65B.51, subdivision 3, a plaintiff cannot recover damages for "noneconomic detriment" unless her medical expenses exceed $4,000 or her injuries result in permanent disfigurement, permanent injury, death, or disability for 60 days or more. Kern's medical expenses did not exceed $4,000 until October 5, 2006, nearly two years after entry of the conciliation court judgment. And Kern did not learn until October 24, 2006, that the injuries she suffered in the accident with Jennifer Torborg were permanent.

In 2008, Kern sought compensation for her personal injuries from the Torborgs. James Torborg's insurer denied Kern's demand for two reasons: one, because the doctrine of res judicata prevented Kern from "split[ting] her cause of action by pursuing a bodily injury liability claim" after obtaining judgment in conciliation court on her claim for property damages; and two, because Kern "was represented at the time she filed her Conciliation Court Claim by [an attorney]."

Kern was not represented by counsel in the conciliation court proceedings to recover her property damages, but she acknowledges that she consulted with an attorney about her personal injuries before filing her conciliation court claim. Nothing in the record indicates that the attorney advised Kern of the preclusive effects that a conciliation court judgment for property damages might have on a later claim for personal injuries. The attorney simply ad-

vised Kern to "just go ahead and take care of [the] property damage claim in conciliation court."

In 2009, Kern and her husband, Terry Kern, sued Cody Janson, Jessica Gerwing, and Jennifer and James Torborg in Morrison County District Court, claiming they were jointly and severally liable for Kern's personal injuries. The Torborgs moved for summary judgment, citing the doctrine of res judicata.[1] The Torborgs argued that under the doctrine of res judicata, the 2004 conciliation court judgment in Kern's favor with respect to property damages was a final judgment on the merits that barred her 2009 claim in district court for personal injuries.

The Kerns opposed the Torborgs' motion and moved to vacate the conciliation court judgment pursuant to Minn. R. Civ. P. 60.02(f).[2] The district court granted the Kerns' motion to vacate the conciliation court judgment and ordered Michelle Kern to repay the amount awarded in the conciliation court judgment to James Torborg. And because the vacated conciliation court judgment no longer had preclusive effect, the district court denied the Torborgs' motion for summary judgment.

The Torborgs appealed and the court of appeals reversed and remanded for entry of summary judgment in favor of the Torborgs. *Kern v. Janson*, No. A10–355, 2010 WL 3546867, at *1 (Minn.App. Sept. 14, 2010). The court concluded that the Kerns were not entitled to vacation of the conciliation court judgment under Rule 60.02(f) because Michelle Kern had consulted with an attorney about her personal injury claim before filing her conciliation court claim. *Kern*, 2010 WL 3546867, at *4. The Kerns petitioned for further review and we granted their petition.

The Kerns contend that under our decisions in *Mattsen v. Packman*, 358 N.W.2d 48 (Minn.1984), and *Jorissen v. Miller*, 399 N.W.2d 82 (Minn.1987), contact with an attorney before initiating a conciliation court action does not preclude a district court from vacating a conciliation court judgment under Minn. R. Civ. P. 60.02(f). The Torborgs disagree with that reading of our precedent. They contend that under *Mattsen* and *Jorissen*, a party's consultation with an attorney before initiating a conciliation court action bars the district court from later vacating the conciliation court's judgment.

I.

The parties assume that we review the district court's decision to vacate the conciliation court judgment for abuse of discretion. Indeed, we have reviewed the vacation of such a judgment for abuse of discretion in the past. *See, e.g., Hammer v. Soderberg*, 358 N.W.2d 53, 53 (Minn. 1984). The Torborgs argue, however, that in *Mattsen* and *Jorissen* we adopted a bright-line, single-factor test for vacation of conciliation court judgments, namely, whether the conciliation court judgment creditor consulted with counsel before fil-

1. Under the doctrine of res judicata, a final judgment on the merits in one action bars further relief on a later claim if: "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies;" and (3) the party seeking relief in the second action had a full and fair opportunity to litigate the matter during the first action. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn.2004).

2. Minnesota Rule of Civil Procedure 60.02(a)–(e) permits the district court to relieve a party from a final judgment for certain enumerated reasons, such as newly discovered evidence (Minn. R. Civ. P. 60.02(b)) and fraud (Minn. R. Civ. P. 60.02(c)). Rule 60.02(f) permits the district court to relieve a party from the effect of a final judgment for "[a]ny other reason justifying relief from the operation of the judgment."

ing the conciliation court action. If the Torborgs' reading of our precedent is correct, then in a case such as this one in which the facts with regard to the judgment creditor's consultation with counsel are undisputed, the question becomes one of law and our review would be de novo. *See Do v. Am. Fam. Mut. Ins. Co.*, 779 N.W.2d 853, 856 (Minn.2010) (stating that where the facts are undisputed, review of the district court's application of the law is de novo). Accordingly, to determine the appropriate standard of review to apply to the district court's decision in this case, we must first determine whether, as the Torborgs contend, we have adopted a bright-line, single-factor test for the vacation of a conciliation court judgment. We conclude that neither *Mattsen* nor *Jorissen* adopted the single-factor test the Torborgs advocate.

We turn first to *Mattsen*. After obtaining a judgment in conciliation court for damages to his automobile in the full amount that the court could then award ($500), the plaintiff in *Mattsen* began an action in district court for personal injuries and additional property damage. 358 N.W.2d at 49. The district court dismissed Mattsen's lawsuit under the doctrine of res judicata. *Id.*

On appeal to our court, Mattsen acknowledged the general preclusive effect of a judgment obtained in an earlier court action, but urged us to carve out an exception to the doctrine of res judicata for conciliation court judgments because of "the jurisdictional limitations and informality of the conciliation court and lack of legal counsel in conciliation court proceedings." *Id.* at 50. We noted that making an exception to the doctrine of res judicata for conciliation court judgments "would accord each party involved in an automobile accident the right to bring two separate lawsuits: an action in conciliation court for

property damage or some part of his property damage and another action in district court for personal injury." *Id.* We declined to make such an exception, citing "the growing concern of the bench, the bar, and the public over court congestion and delay and the cost of litigation." *Id.*

But we also said that a party "who is excusably ignorant of the effect of a judgment" could avoid the res judicata effect of the conciliation court judgment by seeking vacation of the judgment under Minn. R. Civ. P. 60.02. *Mattsen*, 358 N.W.2d at 50. Mattsen himself had not sought such relief, and we noted that Mattsen's personal injuries met the threshold requirements of the No–Fault Act by the time he filed his action in conciliation court. *Id.* at 51. Mattsen could not claim that he was ignorant of the effect of a conciliation court judgment because Mattsen had not sought to vacate the conciliation court judgment even after the defendant asserted the judgment as an affirmative defense to Mattsen's district court lawsuit. *Id.* We further noted that Mattsen had consulted an attorney months before commencing his conciliation court action and had represented to others that he was represented by counsel with respect to his property damages. *Id.* Based on this analysis, we concluded that there was no "compelling reason to forsake the existing doctrine of res judicata" in Mattsen's case. *Id.*

*Jorissen* came to us in a different procedural posture. Jorissen was a defendant in a conciliation court action for property damage resulting from a motor vehicle accident. 399 N.W.2d at 83. Jorissen "was not represented by counsel and did not understand the tort threshold requirements for a personal injury action." *Id.* Jorissen asserted a counterclaim in the conciliation court action for his own property damages and medical expenses, even though at the time those medical expenses

did not meet the threshold requirements under the No–Fault Act. *Id.* The conciliation court awarded Jorissen property damages but nothing for his medical expenses. *Id.*

Some 6 months later, Jorissen retained a lawyer to represent him on his claim for personal injuries that, by then, had become permanent. *Id.* To avoid any preclusive effect from the conciliation court judgment, Jorissen moved to vacate that judgment. *Id.* The district court granted Jorissen's motion. *Id.* In affirming the district court's order vacating the conciliation court judgment, we concluded that Jorissen fit within the "exception created in *Mattsen.*" *Jorrisen*, 399 N.W.2d at 84–85. Specifically, Jorissen had not received any advice from an attorney before asserting his counterclaim in conciliation court; he was not aware when he filed his counterclaim of the threshold requirements of the no-fault statute for his personal injuries; his personal injuries had not reached the statutory threshold at the time he filed his counterclaim; and he was unaware of the rules against splitting causes of action. *Id.* at 84. Accordingly, we affirmed the district court's decision to vacate the conciliation court judgment in Jorissen's favor. *Id.* at 84–85.

The court of appeals in this case interpreted *Mattsen* and *Jorissen* as creating a bright-line rule barring a district court from vacating a conciliation court judgment when the party who obtained that judgment consulted with an attorney before filing the conciliation court case. *See Kern*, 2010 WL 3546867, at *4. We disagree. We did not expressly state in either *Mattsen* or *Jorissen* that consultation with an attorney before filing a claim in conciliation court automatically precludes vacation of the resulting conciliation court judgment. Rather than holding that a single factor was dispositive, we discussed several factors that could inform the district court's decision on a motion to vacate. *See Jorissen*, 399 N.W.2d at 84; *Mattsen*, 358 N.W.2d at 51. We did not condition vacation of a conciliation court judgment on any one of the factors discussed in these cases, but expressly left consideration of all of the factors to the discretion of the district court. *See Jorissen*, 399 N.W.2d at 84.

The Torborgs, however, contend that in holding that the conciliation court judgment barred Mattsen's district court action, we focused on the contact Mattsen had with an attorney before filing his conciliation court action. The Torborgs misread *Mattsen.* Mattsen sought an exception to the doctrine of res judicata for all conciliation court judgments. 358 N.W.2d at 50. He did not seek to vacate the conciliation court judgment. *Id.* at 51. As a result, our holding in *Mattsen* did not resolve the question of whether Mattsen's conciliation judgment should have been vacated according to a single-factor test.

Moreover, if we had held in *Mattsen* that contact with an attorney prior to filing a conciliation court claim automatically prohibited vacation of a conciliation court judgment, then there would have been no need for us to discuss other relevant factors in *Mattsen*, but we did discuss other factors. *See id.* We discussed whether Mattsen was aware of the no-fault threshold requirements when he filed his conciliation court claim, whether he knew his personal injuries exceeded the statutory threshold at the time of the conciliation court proceedings, and whether he intended at the time he commenced the conciliation court action for property damages to pursue his personal injury claim as well. *Id.* If we had concluded that contact with an attorney automatically prohibited vacation of a conciliation court judgment, we could have disposed

of the issue after noting that Mattsen had contact with an attorney prior to the conciliation court proceedings. But that is not how we discussed the issue of vacation of a conciliation court judgment. *See id.*

■ In addition to the absence of express language in *Mattsen* and *Jorissen* creating a bright-line rule, language in *Jorissen* reinforces the conclusion that the decision whether to vacate a conciliation court judgment remains committed to the sound discretion of the district court. We noted in *Jorissen* that the "exception" we discussed in *Mattsen* was designed to address the "hardship" res judicata places on parties who use conciliation courts. *Jorissen*, 399 N.W.2d at 84. Under this exception, "[t]he district court ... *examines* the previous conciliation court action and *determines* whether relief is appropriate." *Id.* (emphasis added). We supported that language with the observation that conciliation courts "were designed by the legislature to encourage members of the public to settle minor disputes quickly and inexpensively in an informal setting without the usual procedural safeguards and without the requirement of an attorney being present." *Id.* And we emphasized that to encourage individuals to use these courts, "persons who lacked an understanding of the consequences of a conciliation court decision should not be barred from subsequently bringing claims in courts of record. To hold otherwise would be to render conciliation courts dangerous traps for the unwary." *Id.* As is the case with motions to vacate district court judgments, *Joris-*

*sen* reaffirms that the decision on a motion to vacate a conciliation court judgment is vested in the sound discretion of the district court. *See Nguyen v. State Farm Mut. Auto. Ins. Co.*, 558 N.W.2d 487, 488 (Minn.1997) (referring to the provisions in Rule 60.02 as "discretionary provisions"); *Charson v. Temple Israel*, 419 N.W.2d 488, 490 (Minn.1988) ("Rule 60.02 specifically provides that a trial court has discretionary power to grant relief, not only from the order but also from a final judgment.").

■ In short, neither *Mattsen* nor *Jorissen* limit the district court to considering only whether the conciliation court judgment creditor consulted with an attorney before filing the conciliation court action. *Mattsen* and *Jorissen* instead provide several factors for district courts to consider when determining whether to vacate a conciliation court judgment under Rule 60.02(f). These factors include whether: (1) the party seeking vacation of the conciliation court judgment consulted with an attorney about the claim before or during the conciliation court proceedings; (2) the party seeking vacation of the conciliation court judgment was aware of the threshold requirements of the No–Fault Act when the conciliation court claim was filed; (3) the moving party could have asserted a personal injury claim as part of the conciliation court proceedings; and (4) the moving party was aware when the conciliation court proceeding was filed of the rules against splitting causes of action. *See Jorissen*, 399 N.W.2d at 84; *Mattsen*, 358 N.W.2d at 51.[3]

---

**3.** The Torborgs also assert that the attorney-client privilege would prevent defendants from examining the substance of plaintiffs' conversations with their counsel to determine whether a plaintiff had knowledge of the preclusive effects of conciliation court judgments and tort thresholds. *See* Minn.Stat. § 595.02, subd. 1(b) (2010); Minn. R. Civ. P. 26.02(a).

The Kerns' counsel conceded at oral argument that because under the *Mattsen* exception district courts need to consider contact with an attorney prior to the conciliation court proceedings, plaintiffs seeking to vacate a conciliation court judgment could be deemed to have waived any attorney-client privilege. *See Mattsen*, 358 N.W.2d at 51.

## II.

■ Having reaffirmed that the appropriate standard of review on a motion to vacate a conciliation court judgment remains abuse of discretion after *Mattsen* and *Jorissen*, we turn to the question of whether the district court abused that discretion in granting the Kerns' motion to vacate. A district court abuses its discretion if its findings are unsupported by the evidence or its decision is based on an erroneous view of the law. *See In re Paul W. Abbott Co., Inc.*, 767 N.W.2d 14, 18 (Minn.2009).

■ The Kerns moved for relief under Minn. R. Civ. P. 60.02(f). Under this provision, courts may grant relief for "[a]ny other reason justifying relief from the operation of the judgment." Minn. R. Civ. P. 60.02(f). We have emphasized that relief is available under Rule 60.02(f) only in "exceptional circumstances." *Chapman v. Special Sch. Dist. No. 1*, 454 N.W.2d 921, 924 (Minn.1990). Further, because Rule 60.02(f) is a residual clause, parties can obtain relief under Rule 60.02(f) only where the reason for vacating the judgment does not fall under some other part

of Rule 60.02.[4] *See Chapman*, 454 N.W.2d at 924 ("Clause (f) has been designated as a residual clause, designed only to afford relief in those circumstances exclusive of the specific areas addressed by clauses (a) through (e).").

Our review of the record establishes that the district court did not abuse its discretion in granting the Kerns' motion to vacate the conciliation court judgment. The court noted that although Michelle Kern had consulted with an attorney, she did not understand the preclusive effects of a conciliation court judgment and she was not aware of the existence of the threshold in section 65B.51, subdivision 3. Finally, the court found that Michelle Kern's personal injury claim was not mature at the time she filed the conciliation court action. The court therefore properly assessed the factors we discussed in *Mattsen* and *Jorissen*.

In addition, given the similarity between the facts of this case and the facts in *Jorissen*, we cannot conclude that the district court abused its discretion when it vacated the conciliation court judgment.[5]

---

This concession is consistent with federal case law interpreting the attorney-client privilege. *See, e.g., Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1055 (8th Cir.2000) ("A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication at issue."); *Sedco Int'l, S.A. v. Cory*, 683 F.2d 1201, 1206 (8th Cir.1982) ("Courts have found waiver by implication when a client ... places the attorney-client relationship directly at issue, and when a client asserts reliance on an attorney's advice as an element of a claim or defense." (citations omitted)). Nonetheless, we decline to decide this issue because the Torborgs do not allege in this case that the Kerns prevented the Torborgs from inquiring into Michelle Kern's pre-litigation communications with her attorney.

4. Kern contends that her reliance on her attorney's advice to pursue her property dam-

age claim in conciliation court constituted "excusable ignorance" under *Mattsen* and *Jorissen*. *See Mattsen*, 358 N.W.2d at 50; *Jorissen*, 399 N.W.2d at 83. And she contends that we should interpret the word "excusable" under *Mattsen* and *Jorissen* the same way we interpret "excusable" for purposes of "excusable neglect," which is a basis for vacating a judgment under Minn. R. Civ. P. 60.02(a). Given our disposition of the case, it is not necessary for us to reach this issue.

5. The court of appeals distinguished *Jorissen* from the facts in this case because Jorissen was a defendant in the conciliation court proceeding and therefore he was required to file his counterclaim in conciliation court. *Kern*, 2010 WL 3546867, at *4; *see* Minn. R. Civ. P. 13.01 ("A pleading *shall* state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction

Both Kern and Jorissen were unaware of the preclusive effect of their conciliation court judgment on subsequent actions. Both Kern and Jorissen were also unaware of the no-fault thresholds for bringing a personal injury claim and they both had an immature personal injury claim at the time of the conciliation court action. The only distinction between Jorissen and Kern is that Kern consulted with an attorney prior to filing her conciliation court claim and Jorissen did not. But in this case, that is a distinction without a difference. There is no indication in the record that Kern talked with her attorney about the preclusive effects of conciliation court judgments. Nor did Kern retain counsel with respect to her property damage claims. To the contrary, Kern's attorney "advised her [to] just go ahead and take care of her property damage claim in conciliation court," where she was not represented by counsel. These facts support the district court's conclusion that Kern was unaware of the preclusive effect of a conciliation court judgment.

For all of these reasons, we hold that the district court did not abuse its discretion when it vacated the conciliation court judgment under Rule 60.02(f).[6] We there-

fore reverse the court of appeals and remand the matter to the district court for further proceedings on the Kerns' claims.

Reversed and remanded for further proceedings.

---

that is the subject matter of the opposing party's claim." (emphasis added)). Conversely, *Kern* was the plaintiff and therefore she had the ability to determine when (within the applicable statute of limitations) to file her claim. This distinction is insignificant for two reasons. First, as Kern asserts and the district court correctly concluded, neither *Mattsen* nor *Jorissen* discuss procedural posture as a factor the district court should consider in determining whether to vacate a conciliation court judgment. The district court also correctly concluded that it is not likely that procedural posture "would be a factor in any motion to vacate a conciliation court judgment, because both sides are equally unlikely to understand the no-fault threshold and the preclusive effect of a conciliation court judgment." Second, Rule 13.01 does not apply to automobile accidents. *See House v.*

*Hanson*, 245 Minn. 466, 72 N.W.2d 874, 878 (1955) ("We hold therefore that *the word 'transaction' as used in Rule 13.01 does not embrace claims in tort* and that therefore the failure of a defendant to assert as a counterclaim any claim he has against the plaintiff does not estop him from asserting such claim in an independent action against the plaintiff." (emphasis added)). Jorissen's counterclaim therefore cannot be said to have been compulsory under Rule 13.01.

6. Because we conclude that the district court did not abuse its discretion when it granted the Kerns' motion to vacate the conciliation court judgment under Rule 60.02(f), we do not need to address whether, as the Torborgs argue, on remand the district court must determine whether to apply res judicata.