597 N.W.2d 307 (1999)
Kim McCALLUM, et al., Respondents,
v.
WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Appellant.
No. C2-99-336.
Court of Appeals of Minnesota.
July 13, 1999.
*308 Robert J. Patient, Saint Paul, for respondents.
Richard S. Stempel, Michael W. Lowden, Stempel & Associates, PLC, Hopkins, for appellant.
Considered at Special Term and decided by TOUSSAINT, Chief Judge, KALITOWSKI, Judge, and G. BARRY ANDERSON, Judge.

SPECIAL TERM OPINION
TOUSSAINT, Chief Judge.

FACTS
After Western National Mutual Insurance Company denied their claim for fire loss at their home, respondents Kim McCallum and Nancy McCallum sued for breach of contract. The jury rendered a verdict in respondents' favor, and judgment awarding respondents $202,699 was entered on December 29, 1998.
This appeal from the December 29, 1998, judgment was filed on February 26, 1999. In their statement of the case, respondents contended that the appeal was moot because appellant paid the judgment and a satisfaction of judgment was filed on or about February 4, 1999. This court questioned jurisdiction. The parties submitted memoranda.
Respondents served a writ of execution on or about January 19, 1999. In its jurisdiction memorandum, appellant states that it was unable to conduct any banking because its bank accounts were frozen after the writ was served. Appellant further states that its bank advised appellant that to release the bank accounts, appellant would have to pay the judgment and file a satisfaction of judgment immediately. On February 1, 1999, appellant forwarded payment to respondents without expressly reserving the right to appeal.

DECISION
Generally, a judgment that is "paid and satisfied of record ceases to have any existence." Dorso Trailer Sales v. American Body & Trailer, Inc., 482 N.W.2d 771, 773 (Minn.1992) (citation omitted). A "voluntary" payment of damages without reserving the right to appeal results in waiver of appeal rights by satisfaction of the judgment. Bartel v. New Haven Township, 323 N.W.2d 806, 810 (Minn.1982).
Here, appellant satisfied the judgment without expressly reserving its appeal rights. Because issuance of the writ of execution disrupted appellant's business operations, appellant argues that its payment was not voluntary.
Most jurisdictions hold that payment of a judgment following issuance of execution does not cut off the payor's right to appeal. See E.H. Schopler Annotation, Defeated Party's Payment or Satisfaction of, or Other Compliance With, Civil Judgment as Barring His Right to Appeal, 39 A.L.R.2d 153, 166-68 (1955). As the Texas *309 Supreme Court has explained, the rule that a judgment debtor who voluntarily satisfies a judgment waives the right to appeal is intended to prevent a party who voluntarily pays a judgment from later changing his mind and seeking the court's aid in recovering payment. Riner v. Briargrove Park Property Owners, Inc., 858 S.W.2d 370, 370 (Tex.1993). But a party does not "voluntarily" pay a judgment if the judgment is satisfied after execution. Id.
In accordance with the majority rule, we hold that appellant's satisfaction of the judgment after issuance of the writ of execution was involuntary and does not operate as a waiver of the right to seek appellate review. By contrast to Bartel, which involved voluntary payment, appellant's payment was not required to expressly reserve its appeal rights.
Respondents contend that appellant could have prevented execution on the judgment for a period of six months by filing a bond with the trial court administrator. See Minn. Stat. § 550.36 (1998) (providing for six-month stay of execution of judgment if judgment debtor files a bond for double the amount of judgment within ten days after entry). It appears that appellant could also have filed an appeal from the December 29, 1998, judgment and obtained a stay of execution by posting an appropriate supersedeas bond. See Minn. R. Civ.App. P. 108.01, subd. 1 (stating that appellant may obtain stay of enforcement by providing supersedeas bond or other security in amount and form which trial court shall order and approve).
A defeated party's compliance with the judgment does not bar an appeal merely because that party failed to obtain a stay of the proceedings or a supersedeas bond. Uyeda v. Brooks, 348 F.2d 633, 635 (6th Cir.1965); Ronette Communications Corp. v. Lopez, 475 So.2d 1360, 1361 (Fla.Dist.Ct.App.1985). The Ronette court held that appellant "did not lose its right to appeal when it paid the judgment after execution to avoid a levy on its property." Ronette, 475 So.2d at 1360. The court also reasoned that appellant's failure to obtain a stay of execution pending appeal was of "no legal import," because appellant's right to appeal was not conditioned on the posting of a supersedeas bond. Id. at 1361. Similarly, in Minnesota a supersedeas bond is not required to perfect an appeal. All Lease Co. v. Peters, 424 N.W.2d 320, 321 (Minn.App.1988).
Here, appellant was faced with an emergency situation due to the freezing of its bank accounts as a result of the execution. Appellant's involuntary payment of the judgment did not waive the right to appeal.
Appeal to proceed.