LYON FINANCIAL SERVICES, INC., d/b/a The Manifest Group, with its principal offices in Marshall, Minnesota, Respondent,

v.

Maren WADDILL, Appellant,

Lyman Waddill, Defendant.

No. C8–99–1409.

Court of Appeals of Minnesota.

March 14, 2000.

454

Kevin K. Stroup, Christianson, Stoneberg, Giles & Stroup, Marshall, for respondent.

Eric J. Magnuson, Ben G. Campbell, Michael G. Slade, John Neve, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, for appellant.

Considered and decided by LANSING, Presiding Judge, SCHUMACHER, Judge, and SHUMAKER, Judge.

## OPINION

LANSING, Judge

Maren Waddill appeals from the denial of her motion to vacate a default judgment. Waddill challenges the district court's ruling that, after Lyon Financial Services satisfied the judgment by execution, the court no longer had jurisdiction. Because the judgment's satisfaction did not terminate the court's jurisdiction, we reverse and remand to the district court for consideration on the merits.

## FACTS

Advantage Communications Group, Inc., defaulted on a lease agreement with Lyon Financial, a/k/a The Manifest Group. Lyon Financial sued Maren Waddill, as a personal guarantor on the lease, for damages caused by the default. Waddill has not yet defended this action on the merits, but she claims that her name was forged on the guarantee.

Although Lyon Financial was unable to serve Waddill personally, it alleges substituted service on Waddill's son in California at a house Waddill and her son co-own. In July 1997, when Waddill did not respond to the complaint, a Minnesota state district court entered a default judgment against her.

Lyon Financial filed a certified copy of the judgment in California to enforce it under its Sister State Money–Judgments Act. Cal. Civ. Pro.Code §§ 1710.10–1710.65 (West 1982 & Supp.2000). About a year later, Lyon Financial moved in California state district court for an assignment of rents on property owned by Waddill. Lyon Financial personally served Waddill. She responded by moving to vacate the California judgment. The California court denied the motion.

After the California court's denial, Waddill moved in Minnesota district court to vacate the underlying Minnesota judgment. While the motion was pending, Lyon Financial executed its judgment against the California rents, filed a satisfaction of judgment, and notified the Minnesota district court. The district court concluded that the satisfaction of judgment terminated the court's jurisdiction and thus made Waddill's motion moot. Waddill appeals the denial of her motion.

## ISSUE

Does the district court have jurisdiction to consider a motion to vacate a judgment when the judgment has been involuntarily satisfied?

## ANALYSIS

Jurisdiction is a question of law that a reviewing court decides de novo. *Kellar v. Von Holtum,* 605 N.W.2d 696, 700 (Minn.2000). Minnesota courts, characterizing the issue as jurisdictional, have held that satisfaction of a judgment generally precludes a party from moving to vacate that judgment. *See Dorso Trailer Sales, Inc. v. American Body & Trailer, Inc.,* 482 N.W.2d 771, 773 (Minn.1992) (motion to vacate); *cf. Bartel v. New Haven Township,* 323 N.W.2d 806, 810 (Minn. 1982) (right to appeal waived by satisfac-

tion of judgment). As this court has recognized, however, an involuntarily satisfied judgment does not fit within the general civil-action rule because it does not involve a waiver of rights that results in mootness. *Reardon Office Equip. v. Nelson*, 409 N.W.2d 222, 224 (Minn.App.1987); *cf. McCallum v. Western Nat'l Mut. Ins. Co.*, 597 N.W.2d 307, 309 (Minn.App.1999) (right to appeal not waived by involuntarily satisfied judgment). Because the judgment against Waddill was involuntarily satisfied, her motion to vacate was not moot and should not have been dismissed.

We note that *Reardon* was decided before *Dorso* and that the broad language of *Dorso* may suggest that the supreme court implicitly rejected the *Reardon* exception for involuntarily satisfied judgments. We do not believe this was the court's intent, however. While the court has made clear that the *Dorso* rule is to have broad application, it also has recognized circumstances in which the rule does not apply. *See Jorissen v. Miller*, 399 N.W.2d 82, 84 (Minn.1987) (holding rule does not apply to satisfied conciliation-court judgments).

The majority rule on the right to appeal involuntarily satisfied judgments further supports our holding. As this court recently recognized, the majority of U.S. jurisdictions hold that an involuntarily satisfied judgment does not preclude appeal. *McCallum*, 597 N.W.2d at 308–09 (citing E.H. Schopler, Annotation, *Defeated Party's Payment or Satisfaction of, or Other Compliance With, Civil Judgment as Barring his Right to Appeal*, 39 A.L.R.2d 153, 166–68 (1955)). We see no reason that the principles applied to the right to appeal should not apply equally to motions to vacate. *See* Schopler, *supra*, at 156 n. 8 (drawing a parallel between principles underlying defeated party's right to appeal and to set aside judgment).

 Both parties urge this court to reach the merits of Waddill's motion, citing our power to "reverse, affirm, or modify [a] judgment or order appealed from or take any other action as the interests of justice may require." Minn. R. Civ.App. P. 103.04. We decline to decide the underlying issues because Waddill's motion to vacate raises disputed fact issues on collateral estoppel, and potentially on service of process, that are inappropriate for appellate resolution. Consequently, we reverse and remand to allow the trial court to address the merits of the motion to vacate.

## DECISION

The involuntary satisfaction of Lyon Financial's judgment against Waddill does not operate as a waiver of rights that results in mootness or loss of jurisdiction. We reverse and remand to the district court for decision on the motion to vacate.

**Reversed and remanded.**