**LYON FINANCIAL SERVICES, INC., d/b/a The Manifest Group, with its principal offices in Marshall, Minnesota, Respondent,**

v.

**Maren WADDILL, Appellant,**

**Lyman Waddill, Defendant.**

**No. CX–00–1662.**

Court of Appeals of Minnesota.

April 17, 2001.

Review Denied June 19, 2001.

Kevin K. Stroup, Christianson, Stoneberg, Giles & Stroup, P.A., Marshall, MN, for respondent.

Eric J. Magnuson, Ben G. Campbell, John R. Neve, Rider, Bennett, Egan & Arundel, LLP, Minneapolis, MN, for appellant.

Considered and decided by LANSING, Presiding Judge, ANDERSON, Judge, and, STONEBURNER, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

This breach of contract action stems from appellant's lease of certain equipment from respondent. Appellant challenges the district court's dismissal of appellant's motion to vacate a Minnesota default judgment. The district court dismissed the motion based on the purported collateral-estoppel effect of a California court's dismissal of appellant's separate motion to vacate a sister-state judgment, which was based on the original Minnesota default judgment. We reverse and remand.

## FACTS

This dispute arose from an equipment lease entered between respondent Lyon

Financial Services, Inc., a Minnesota corporation, and Advantage Communications Group, Inc. (Advantage). To secure the lease, Lyman E. Waddill, an officer of Advantage, signed a personal guarantee. The signature of appellant Maren Waddill (wife of Lyman E.) appeared on the personal guarantee as well. Appellant, a resident of California, maintains that the signature was a forgery.

Advantage subsequently defaulted on the lease. Respondent then commenced a suit in Minnesota District Court against appellant and Lyman E. Waddill. Respondent attempted to serve the Minnesota summons and complaint on appellant at her former residence in Oakland, California, on January 8, 1997. The process server was told that appellant no longer lived at that address. Respondent subsequently attempted, unsuccessfully, to serve appellant at two additional addresses. Finally, on February 6, 1997, respondent delivered the summons and complaint to appellant's son, Lyman D. Waddill, at his residence in Oakland, California. Appellant's son refused to accept service of process and informed the process server that appellant did not reside at that address. Despite this admonition, the process server announced service and left the summons with the son.

Respondent subsequently moved for entry of default judgment against appellant in Minnesota District Court after appellant failed to answer the complaint. Default judgment in the amount of $35,571.07 was entered against appellant and her husband on July 9, 1997.

Respondent then used the default judgment obtained in Minnesota to obtain a sister-state judgment in California. Lyon Financial sought to enforce the Minnesota judgment in California under the California Sister State Money–Judgments Act. Cal.Civ.Proc.Code §§ 1710.10–.65. The sister-state judgment was entered on September 10, 1997. Appellant was personally served notice of the California judgment on October 9, 1997.

Appellant then contacted an attorney in California. Her attorney failed to timely file a motion to vacate the California judgment.[1] Her attorney nevertheless moved to vacate the judgment, even though the motion was technically time-barred, on the basis that the underlying Minnesota judgment had been improperly obtained. The hearing was held on January 19, 1999, in California. The California court denied appellant's motion to vacate the registration of the Minnesota judgment without specifying reasons for the denial. Instead, the order stated: "Motion to Vacate Sister Judgment is DENIED on all grounds."[2] Appellant chose not to file a motion for reconsideration with the California court and did not appeal the decision in California. Respondent subsequently succeeded in garnishing monies due appellant from the sale of California property. Appellant attempted to stay execution upon the writ of garnishment in a separate action, but was unsuccessful.

Appellant filed a separate motion to vacate the original Minnesota judgment in Minnesota District Court on March 18, 1999. Appellant's contention was that the Minnesota default judgment was void due to lack of personal jurisdiction as a result of improper service of process. While the motion in Minnesota was still under ad-

1. California requires the motion to vacate be filed within 30 days after the notice of the sister-state judgment. Cal Civ. Proc.Code § 1710.40

2. The California court did, however, vacate the judgment against appellant's husband on the basis that he had not been personally served with the sister-state judgment in California.

visement, respondent executed on the monies garnished in California, collecting $35,571.07 on May 5, 1999. The Minnesota District Court concluded that this satisfaction of judgment terminated Minnesota's jurisdiction, and thus made appellant's motion moot. Accordingly, appellant's motion was denied.

On appeal to this court (the first appeal), we held that an involuntary satisfaction of a judgment did not render the case moot and that the district court improperly denied appellant's motion to vacate. *Lyon Fin. Servs., Inc. v. Waddill,* 607 N.W.2d 453, 455 (Minn.App.2000). We remanded to allow the district court to address the merits of appellant's motion to vacate. *Id.*

On remand, the district court again denied appellant's motion to vacate, this time on the basis of collateral estoppel, by order dated July 19, 2000. A subsequent motion to reconsider was denied as untimely by order dated September 26, 2000. This second appeal follows.

## ISSUES

I. Did the district court err in holding that the California court's denial of a motion to vacate a sister-state judgment has collateral estoppel effect on a subsequent motion to vacate the underlying judgment brought in Minnesota?

II. Was appellant's motion to vacate pursuant to Rule 60.02 of the Minnesota Rules of Civil Procedure timely?

## ANALYSIS

### I.

 Enforcement of foreign decisions in Minnesota's courts is guided by article

IV, section 1 of the United States Constitution, which states that "[f]ull faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." A state court judgment is entitled to full faith and credit in other states when it is determined that questions have been fully and fairly litigated and finally decided in the original court. *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186, (1963).

 Under full faith and credit, a judgment in one state is conclusive on the merits in every other state, but only if the court of the first state had jurisdiction to render the original judgment.[3] *Williams v. State of North Carolina,* 325 U.S. 226, 229, 65 S.Ct. 1092, 1095, 89 L.Ed. 1577 (1945). But if that same foreign court already fully and fairly addressed the contention that it lacked jurisdiction, then its decision on that issue must be given effect. *United Bank of Skyline, N.A. v. Fales,* 405 N.W.2d 416, 417 (Minn.1987).

 The district court dismissed appellant's motion to vacate based on the collateral-estoppel effect of the earlier California decision. Whether the district court erred in its application of issue preclusion is a mixed question of fact and law subject to de novo review. *Green v. City of Coon Rapids,* 485 N.W.2d 712, 718 (Minn.App. 1992), *review denied* (Minn. June 30, 1992). Collateral estoppel is available where: (1) the issues are identical to those in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party in

---

**3.** A judgment is void if the issuing court lacked jurisdiction over the subject matter, lacked personal jurisdiction over the parties through a failure of service that has not been waived, or acted in a manner inconsistent with due process.

*Bode v. Minnesota Dept. of Natural Resources,* 594 N.W.2d 257, 261 (Minn.App.1999) (citations omitted), *aff'd* 612 N.W.2d 862 (Minn. 2000).

the previous action; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issues. *Michels v. Kozitza,* 610 N.W.2d 368, 373 (Minn.App.2000), *review denied* (Minn. July 25, 2000).

Appellant, in her memorandum to the California court, supported her motion to vacate the sister-state judgment under multiple theories including lack of personal service, lack of personal jurisdiction, collateral estoppel, equitable relief, and the existence of meritorious defenses to the Minnesota action. Appellant raises the same key issues in her subsequent motion to vacate in Minnesota. In its January 19, 1999 order, the California court denied appellant's motion to vacate the sister-state judgment "on all grounds."

The usual approach to addressing issues of personal service in the first instance would be a motion to quash. The Minnesota Supreme Court has established the standard for such motions:

> Since the United States Supreme Court's decision in *Baldwin v. Iowa State Traveling Men's Assn.,* 283 U.S. 522, 51 S.Ct. 517, 75 L.Ed. 1244 (1931), * * * it has been settled that when a defendant is fully heard on his motion to quash service, and does not further participate in the case or take an appeal after his motion is denied, the judgment entered against him on the merits is res

judicata on the question of jurisdiction and is not subject to collateral attack. *Zions First Nat'l Bank v. World of Fitness, Inc.,* 280 N.W.2d 22, 25 (Minn.1979). The *Zions* court went on to state that

> despite the fundamental policy that a judgment is void absent effective service of process, controlling authority dictates the conclusion that the defendant * * * may not relitigate the issue of effective service on a motion to vacate after he has been fully and fairly heard on that issue.

*Id.* at 26.

In its September 26, 2000 memorandum,[4] the Minnesota District Court referred to the transcript from the California hearing, noting that the California court claimed it had made a "substantive" ruling. But, while the California court denied appellant's motion with the conclusory observation that it was doing so "on all grounds," the transcript of the hearing in California reveals no substantive discussion of the personal-service issue.[5] There is thus no record that the issue of personal service was fully and fairly litigated in California. Respondents acknowledge that the facts surrounding the original substituted service were never addressed or litigated.[6]

We have carefully reviewed the record, including the proceedings conducted in

---

**4.** This memorandum was intended to clarify the July 19, 2000 order.

**5.** Ordinarily, personal service is achieved by the handing of a copy of the summons and complaint by a sheriff or process server personally to the defendant. The issue in this case is whether service of the summons and complaint on a nonresident defendant by leaving it with appellant's son (substituted service) constitutes personal service, when appellant at no time resided with her son, and when the son repeatedly refused to accept service. Respondent has not made any argu-

ment, or offered any evidence, to challenge appellant's sworn statement that she does not live with her son and has never resided at his current address. The son made a similar sworn statement.

**6.** Substituted service must occur at a defendant's usual place of abode. Minn. R. Civ. P. 4.03(a): *see also Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988) (holding attempted service on office receptionist did not confer jurisdiction, despite defendant's actual knowledge of suit).

California, and are left with the inescapable conclusion that the issues of personal service, and therefore personal jurisdiction of the Minnesota District Court rendering the original default judgment, were never fully and fairly litigated. Accordingly, vacation of the default judgment is not barred by application of collateral estoppel.

## II.

▮▮▮ Respondent also contends that appellant's Minnesota motion to vacate was not timely pursuant to Minn. R. Civ. P. 60.02. We disagree. Default judgments are to be "liberally" reopened to promote resolution of cases on the merits. *Galatovich v. Watson,* 412 N.W.2d 758, 760 (Minn.App.1987). Under Minn. R. Civ. P. 60.02(d), a court may relieve a party from a judgment if "[t]he judgment is void," as long as the motion to vacate is "made within a reasonable time * * *." What is a reasonable time is determined in each case by considering the facts and circumstances before the court. *Bode v. Minnesota Dept. of Natural Resources,* 612 N.W.2d 862, 870 (Minn.2000). Appellant filed her motion to vacate in Minnesota District Court within two months of the denial of appellant's motion to vacate in California. We consider this to be a reasonable time.

## DECISION

The district court improperly dismissed appellant's motion to vacate the original Minnesota default judgment because the issues of personal service and personal jurisdiction were not fully and fairly litigated in the California court. Appellant's Minnesota motion to vacate was timely filed.

**Reversed and remanded.**