**Tina AYALA, Petitioner, Respondent,**

v.

**Carlos AYALA, Appellant.**

**No. A07–0657.**

Court of Appeals of Minnesota.

May 27, 2008.

Thomas A. Gilligan, Jr., Laura R. Gurney, Murnane Brandt, St. Paul, MN, for respondent.

Anthony Bushnell, The Bushnell Law Firm, Blaine, MN, for appellant.

Considered and decided by ROSS, Presiding Judge; LANSING, Judge; and JOHNSON, Judge.

## OPINION

ROSS, Judge.

Carlos Ayala appeals from the district court's denial of his request to vacate an ex parte order for protection (OFP) issued against him. He argues that he was de-

nied his statutory right to challenge the OFP because he was not properly served notice of the petition and hearing as required by the Minnesota Domestic Abuse Act, Minnesota Statutes section 518B.01, subdivision 5(f) (2006). He argues alternatively that even if the statute does not require attempted personal service before the district court may authorize service by publication, the statute violates his constitutional right to due process. Because the statute does not recognize service by publication unless there was first a failed attempt at personal service by law-enforcement personnel that was thwarted because of concealment to avoid service, we hold that publication was not effective service, and we do not reach the constitutional issue.

## FACTS

Tina and Carlos Ayala are divorced and share custody of their four children. Their acrimony created difficulty when transferring their children between homes. The difficulty increased when Carlos Ayala moved from South St. Paul to Burnsville on September 8, 2006, because Tina Ayala did not know his new address.

About a month after his move, Carlos Ayala failed to drop the children off at school. Tina Ayala learned of the absence and called the police, who telephoned Carlos Ayala using the cellular telephone number that Tina Ayala provided police. He twice hung up on the police officer, and he refused to disclose his address. Between calls with the officer, Carlos Ayala called Tina Ayala and allegedly berated her. He returned the children to Tina Ayala's residence later that day.

Based on this episode and alleged threats made by Carlos Ayala, Tina Ayala filed for and obtained an ex parte OFP against him on October 4, 2006. Because Tina Ayala denied knowing Carlos Ayala's address, she asked the district court to allow service of the OFP by publication. On an affidavit form provided by Ramsey County, Tina Ayala checked a box indicating that she did not know Carlos Ayala's address. She did not check the box indicating that personal service was unsuccessful because Carlos Ayala concealed himself to avoid service of process, or the box indicating that the petition and notice were mailed to Carlos Ayala's address. The district court ordered service by publication based on the affidavit. Law-enforcement personnel had not attempted to serve notice of the OFP or to mail notice to Carlos Ayala's previous address. Notice was first published on October 19, 2006.

Carlos Ayala learned of the OFP two months later, in December 2006. This was too late for him to challenge the merits of the OFP. Under Minnesota Statutes section 518B.01, subdivision 7(c) (2006), Carlos Ayala had a right to seek a hearing to modify or vacate the OFP for only five days after service of the order was complete. He challenged the validity of the OFP in district court, arguing that Minnesota Statutes section 518B.01, subdivision 5(f) (2006), requires attempted personal service before notice by publication may be effective. Instead of addressing Carlos Ayala's legal arguments, the district court treated his motion as a motion to vacate an order for fraud under rule 60.02 of the Rules of Civil Procedure, which allows the district court to relieve a party from final judgment if obtained by fraud. The district court denied the motion, finding no fraud.

Carlos Ayala appeals.

## ISSUE

Does the Minnesota Domestic Abuse Act allow service of an ex parte order for protection by publication to be effective before personal service has been attempt-

ed but intentionally avoided by the respondent's concealment or other behavior?

## ANALYSIS

Carlos Ayala argues that the personal jurisdiction required for an OFP to be effective is lacking because Tina Ayala did not comply with the statutory prerequisites for service of process before the district court authorized service by publication. Whether service of process was proper is a question of law that we review de novo. *Amdahl v. Stonewall Ins. Co.*, 484 N.W.2d 811, 814 (Minn.App.1992), *review denied* (Minn. July 16, 1992). A judgment is void if the issuing court lacked personal jurisdiction over a party through a failure of service that has not been waived. *Bode v. Minn. Dep't of Nat. Res.*, 594 N.W.2d 257, 261 (Minn.App.1999). Carlos Ayala did not waive service, so we address the validity of the service on the merits.

The Minnesota Domestic Abuse Act includes the general requirement that "any order issued under [it] shall be served on the respondent personally." Minn.Stat. § 518B.01, subd. 8(a) (2006). It lists general exceptions for notice by publication in subdivision 8(c) (2006), and specific exceptions that apply to ex parte orders for protection in subdivision 5(f) (2006). This case turns on our interpretation of that subdivision, which authorizes service of notice of an OFP by publication only if

> the petitioner files with the court an affidavit stating that an attempt at personal service made by a sheriff or other law enforcement or corrections officer was unsuccessful because the respondent is avoiding service by concealment or otherwise, *and* that a copy of the petition and notice of hearing has been mailed to the respondent at the respondent's residence *or* that the residence is not known to the petitioner.

Minn.Stat. § 518B.01, subd. 5(f) (emphasis added). Carlos Ayala asserts that service was defective because no attempt at personal service was ever made. Based on a plain reading of the statute, we agree. The act authorizes service by publication only after an attempt at personal service by a law-enforcement officer has failed because the respondent concealed himself to avoid service, and either a copy of the papers has been mailed to the respondent's residence or the petitioner does not know the address. It is clear that those prerequisites were not met here.

Tina Ayala's affidavit does not allege that any attempt at personal service ever occurred. She argues instead that attempted personal service was not required in this case. She maintains that the first "and" in subdivision 5(f) should be read disjunctively, so that publication by notice is appropriate either when a failed attempt at personal service was made by a law-enforcement officer and a copy of the petition was mailed to respondent's address, *or* when the petitioner simply does not know the respondent's address. Under this interpretation, a petitioner's lack of knowledge of the respondent's address, without more, permits effective notice by publication in every case. But this construction ignores the grammar and wording of the provision. The significant comma comes before the subdivision's first "and" and sets the balance of the sentence off as the second part of a single conjoined requirement. The first part preceding the "and" is attempted service by a law-enforcement officer, and the second part, after the conjunctive "and," is either the mailing of the notice or ignorance of the respondent's address. Because Tina Ayala's affidavit does not state that any attempt at personal service had been made, the affidavit failed to con-

form to the first part of the statute's requirement.

■ We recognize that, according to Tina Ayala, Carlos Ayala refused to give his address to police officers after Tina Ayala reported that the children were not in school. But this concealment cannot satisfy the first part of the requirement because it preceded and was unrelated to any attempt to serve OFP process. The statute allows service by publication to be effective only after a respondent conceals his address with the objective to avoid service of the petition and notice. Carlos Ayala's concealment to avoid police contact related only to the extant custody dispute in October 2006. This distinction does not elevate form over substance. It not only follows the plain language of the statute, it also emphasizes the intent of the statute to ensure that service by publication is the last resort. *Cf.* Minn.Stat. § 518B.01, subd. 8(c) (requiring the district court to consider various factors before ordering service by publication for other types of orders in the Domestic Abuse Act, such as efforts made to locate the respondent, and mandating that applications for alternate service include the respondent's last known address, place of employment, and other locating details). Carlos Ayala's October 2006 refusal to disclose his address cannot establish concealment under subdivision 5(f).

Tina Ayala also argues that the form provided to pro se petitioners does not clearly indicate that any attempt at service by a law-enforcement officer is required to precede notice by publication. She accurately notes that the form does not pre-

cisely track the statutory requirement, but this is so only because the form does not specify which factors are necessary to provide a basis for service by publication. We disagree that the omission overcomes her failure to satisfy the statutory factual prerequisites to effective service by publication. Although the district court must provide simplified forms to aid the process, Minn.Stat. § 518B.01, subd. 4(e) (2006), the form need not be a paint-by-numbers template. In fact, it should not be; guided specifically by the statute, the district court should inquire further of pro se petitioners to ensure that the facts are legally sufficient to justify the less-favored service by publication. The statute directs the district court to do exactly that. Minn. Stat. § 518B.01, subd. 4(g) (2006) ("The court shall advise a petitioner [who receives simplified forms] of the right to serve the respondent by published notice *... if the respondent is avoiding personal service by concealment* or otherwise, and shall assist with the writing and filing of the affidavit." (Emphasis added)).[1]

We observe that although the county's affidavit form does not specify which facts are necessary to establish a basis for notice by publication, it does include the actual statutory factor "that an attempt at personal service made by the sheriff was unsuccessful because it is believed that the respondent is avoiding service by concealment or otherwise." Tina Ayala was therefore presented with a form that included a factual template for effective service by publication. She did not check the box beside that language. The factual deficiency, not the form's deficiency, left the

---

1. We do not address the due-process issue that may arise if the district court actually assists a litigant to write his or her affidavit or other filing with the court. *See Ginsberg v. Minn. Dep't of Jobs and Training,* 481 N.W.2d 138, 141 (Minn.App.1992) ("Due process re-

quires a decision by an impartial official; an official who has been involved in the particular aspect of a case under review should not also participate in the decisionmaking process."), *review denied* (Minn. Apr. 9, 1992).

district court without a basis to authorize publication.

Because the prerequisites to service by publication specified in subdivision 5(f) were not met, service by publication was ineffective. Because service was ineffective, the district court lacked personal jurisdiction over Carlos Ayala. *See Bode,* 594 N.W.2d at 261. The OFP is therefore invalid, and we reverse the district court's judgment and vacate the OFP.

Because Carlos Ayala's appeal prevails on statutory grounds, we do not reach his constitutional challenge. We generally avoid a constitutional question in cases that can be decided on other bases. *Erlandson v. Kiffmeyer,* 659 N.W.2d 724, 732 n. 7 (Minn.2003).

### D E C I S I O N

We reverse and vacate the district court's judgment because the OFP was not served according to the Minnesota Domestic Abuse Act. The act requires that an attempt at personal service failed because the respondent concealed himself to avoid service before the district court may authorize service by publication, and no attempt was made here.

**Reversed and vacated.**